Judge Wood
stated the case, and delivered the opinion of the-court:
This is a writ of error to reverse the judgment and proceedings-of the court of .common pleas of the county, of Montgomery.
The plaintiff was indicted for an assault with intent to murder;, ¡and on being arraigned, moved the court to quash the indictment,. *534 which motion was overruled. This decision, although'assigned for error, is abandoned by counsel.
The plaintiff then filed two special pleas in bar: 1. That the indictment was brought into court and presented by only, fourteen grand jurors, one of the panel not being present to concur in or dissent therefrom, but wholly absent from the court and his fellow-jurors.
2. That Geo. Parsons, who was one of the grand jurors by whom the presentment was made, did not examine or hear any witness, nor inquire touching either or any of the several allegations of the indictment, but concurred therein without any proof or inquest whatever.
To these special pleas the counsel for the prosecution demurred. The court of common pleas sustained the demurrer. The plaintiff in error then plead not guilty to the indictment, was tried, and convicted; a motion for a new trial was made and overruled, and the plaintiff sentenced to imprisonment in the penitentiary.
The first assignment for error, not abandoned by counsel, is that the second count in the indictment is defective in this, that it does not state with sufficient certainty on whom the assault was made. The averment reads as follows: “Jos. Turk, etc., on the first day of June, etc., one Robert Moore, in the peace, etc., then and there being, feloniously, maliciously, willfully, and unlawfully, did make an assault.” It is Robert Moore who is here averred to have made the assault, and not upon him that the assault was made. The defect is, without doubt, *a clerical omission, and although the intention of the pleader can not well be misunderstood, it is not expressed, and is, nevertheless, a fatal objection to the count. Criminal prosecutions are conducted on principles siricti juris, and the law requires the indictment or count to be certain to a certain extent, in every particular, and there must be no intendment arising on its face to the contrary. The first count in the indictment is, however, substantially lor the same offense. That count is good, and saves the prosecution ; the rule of the common law being different in criminal from what it is in civil cases, and when there is one good count in an indictment, permitting judgment to be given on that count.
The next and remaining assignment to be considered is, that the court below sustained the demurrers to the special pleas. The questions arising here are more difficult of solution, and we *535 have not been without our doubts as to the opinion at which we have arrived. We think there are no matters pleaded which constitute a legal bar to the prosecution. Pleas in bar, says Jacob, 5 Law Diet. 179, go to the merits of' the indictment, and give a reason why the prisoner ought not to answer it at all, nor put himself upon his trial for the crime alleged. These are of four kinds: A former acquittal, a former conviction, a former attainder, or a pardon ; and the reason why pleas in bar are so limited in diversity of matter in the English courts, in criminal cases, probably arises from the fact that there, as well as here, the general issue opens the door for the introduction of any matter, which, if pleaded, would bar the prosecution. It is believed no precedent can be found in judicial history of pleas similar to these on this record. The first plea is, in substance, like the second, with this exception, that it avers fourteen grand jurors only were at any time present to inquire, find, or present the indictment. This averment is not, however, sustained by the record; the record shows that fifteen grand jurors were sworn, and found •and presented this indictment. If it be said the allegation in the ¡plea is admitted by the demurrer, the answer is, that a demurrer •only admits what is well pleaded: It does not admit that which is expressly proved otherwise by the record.
The second plea states that George Parsons, one of the grand jury, was not present at the finding of the indictment, did not •hear any witness, nor examine nor inquire touching any allegation of the indictment, but concurred without any *proof •or inquest whatever. The oath of a grand juror requires him to ■“ diligently inquire and true presentment make of all su.ch mat" ■tors and things as shall be given” him “in charge, or otherwise come to” his “knowledge, touching his present service,” etc. The grand inquest is not usually composed of men learned in law. 'They are controlled by no technical rules of evidence. They must act according to the dictates of their own judgment and discretion , and whether a fact be proved by a witness, or disclosed by a fellow-juror, or from their own knowledge exists, it is their duty to present it to the court. They ought not to act rashly, nor without sufficient ground to believe, as the accusatory tribunal, in the existence of the fact they present. The grand jury are under the direction of the court, may be instructed by the court, •and advised by the prosecuting attorney on matters of law. Of *536 the facts, they alone must determine. The court neither keeps their consciences nor can control them in finding facts, when intending honestly to discharge their duty. The grand jury, fifteen in number, must all consult, deliberate, and inquire sufficiently to satisfy themselves of the truth of their investigation, but twelve only need concur in finding the bill. Suppose, then, a juror steps out, and on his return to his fellows is informed they have agreed to find a bill, and the testimony is disclosed to him, or he is, perhaps, in his own bosom and his conscience, satisfied, is not every requisition of the law fulfilled? We incline to that opinion. But aside from this, can these matters be reached in this way by plea in bar to the indictment? If so, it might also be alleged in bar that the grand jury had not sufficient testimony, or admitted that which was improper, and our discretion and judgment usurp the place of theirs, when they are a co-ordinate, it is true, but, so far as facts are concerned, an independent branch of the criminal tribunal's of the country.
There is, however, another and still more fatal objection to these pleas. They contradict the record; and it is a principle of law, familiar with all, that a record is proved by itself, and is of such validity that it can not be proved per notiora, and no fact can be averred against it. The record shows a grand jury found the bill of indictment on their oaths. The intendment and legal effect and presumption is, that it was found on proper evidence, with due deliberation, and by the concurrence of twelve of their number. A case might probably be imagined where the court should interfere, and would, on motion, quash *an indictment for the misconduct of the grand jury, and would punish them for a contempt of court and violation of duty. The common pleas refused to sustain a motion under such circumstances; and were the testimony embodied in a bill of exceptions, we might possibly correct such error here. But no such case is presented.
The judgment and proceedings of the common pleas are affirmed with costs.